UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS HEBERT GAMBOA CARABALI                                                PETITIONER

V.                                                  CIVIL ACTION NO. 3:24-CV-762-DPJ-ASH

WARDEN CHILDRESS                                                            RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Luis Hebert Gamboa Carabali, a prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' denial of jail time credits under the First Step Act. Pet. [1]; Am. Pet. [4]. As explained below, the undersigned recommends the petition be dismissed for failure to exhaust.

I.     Facts and Procedural History

On April 24, 2009, the United States District Court for the Middle District of Florida sentenced Carabali to 250 months of incarceration for conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 960(b)(1)(B)(ii). Carabali is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi, and has a projected release date of July 18, 2026. He says he has earned FSA time credits during his incarceration that the BOP refuses to credit toward his release date because he is subject to an immigration final order of removal. Am. Pet. [4] at 7. Respondent opposes Carabali's petition.

II.    Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack*

*v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.[1]

---

[1] If, at any point during the process, "the inmate does not receive a response within the time allotted for reply . . . , the inmate may consider the absence of a response to be a denial at that level." *Id.* § 542.18; *see Flores v. Lappin*, 580 F. App'x 248, 250 (5th Cir. 2014) ("[E]ven if a response to [the inmate]'s administrative remedy request was delayed, the regulations of the Bureau of Prisons provide authority for inmates who do not receive timely responses to

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023) (citing *Gross*, 2009 WL 1675075, at *1), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023). "[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

Carabali indicates in his petition that he did not exhaust his administrative remedies before filing this action. Am. Pet. [4] at 2. The BOP's unrebutted evidence also demonstrates that Carabali failed to exhaust. In her declaration, Amy Landers, the paralegal specialist for the Consolidated Legal Center at FCC Yazoo City, states that Carabali "filed no administrative remedies to address his concerns regarding the application of his federal time credits under the FSA." *See* Landers Decl. [15-1] ¶ 9; *see* Admin. Remedy Generalized Retrieval [15-3] ("NO REMEDY DATA EXISTS FOR THIS INMATE."). Thus, Carabali never even began, much less completed, the administrative exhaustion process with the BOP. Because Carabali has not exhausted the available administrative remedies prior to filing this action, his petition should be dismissed without prejudice.[2]

---

administrative remedy submissions to pursue their appeals."); *accord Rosado v. Rickard*, No. 3:23-CV-1688, 2025 WL 924055, at *2 (M.D. Pa. Mar. 26, 2025) ("Once an appeal is deemed denied under [§ 542.18,] the inmate is required to appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process.").

[2] The Court does not read Carabali's filings as challenging the immigration removal order itself. Had he brought such a challenge, the Court would be without subject-matter jurisdiction to

III.  Conclusion

Because he has failed to exhaust, the undersigned recommends that Carabali's petition be dismissed.

IV.  Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

---

consider it. *See Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022) ("'When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012))).

[3] When a document is served by mail, the party is considered to have been served on the date that the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Respectfully submitted, this the 1st day of October, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
